# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

RuChadd Bivins

*Plaintiff,*

v.

Meta Platforms, Inc. (d/b/a Facebook and Instagram),
X Corp. (d/b/a Twitter/X),
Scoop Nashville,

*Defendants*

Case No. _____

Jury Demand

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff RuChadd Bivins, alleges as follows:

## I. PARTIES

1. Plaintiff is a resident of Tennessee.

2. Defendant Meta Platforms, Inc. is a Delaware corporation headquartered in Menlo Park, California.

3. Defendant X Corp. (formerly Twitter, Inc.) is a Nevada corporation headquartered in San Francisco, California.

4. Defendant Scoop Nashville is a Tennessee-based media outlet operating in Davidson County.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events occurred here.

## III. FACTUAL ALLEGATIONS

7. On or about June 30, 2022, Defendants published Plaintiff's mugshot on their platforms, through their own free will or from user free will of said Defendants' platforms.

8. Plaintiff's case was dismissed and expunged by order of a Tennessee court.

9. Under Tenn. Code Ann. § 40-32-101, expunged records are deemed never to have occurred and cannot be disclosed.

10. Defendants nonetheless published and circulated the mugshot.

11. Plaintiff has suffered reputational harm, humiliation, emotional distress, and economic damages.

## IV. CAUSES OF ACTION

**Count I – Defamation (Libel)**

12. Defendants' publication of an expunged mugshot falsely implied Plaintiff committed a crime.

13. These statements were false, defamatory, and injurious.

**Count II – Invasion of Privacy (False Light / Public Disclosure of Private Facts)**

14. Defendants' actions placed Plaintiff in a false light and disclosed private facts.

## Count III – Negligence

15. Defendants failed to ensure accuracy and legality of content disseminated.

16. Their failure to fact-check or remove erroneous material constitutes negligence.

## Count IV – Violation of Tennessee Expungement Statutes

17. Dissemination of an expunged record violates Tenn. Code Ann. § 40-32-101.

## V. DAMAGES

18. Plaintiff demands $1,000,000 in compensatory and punitive damages against each Defendant.

## VI. REQUEST FOR INJUNCTIVE RELIEF

19. Plaintiff seeks a preliminary and permanent injunction requiring Defendants to remove the mugshot, cease dissemination, and prevent republication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. $1,000,000 per Defendant in damages;

b. Punitive damages;

c. Preliminary and permanent injunctive relief;

d. Attorney's fees and costs;

e. Such other relief as the Court deems just and proper.

*RuChadd Bivins*

_____

RuChadd Bivins
Jackson, TN 38305
615.696.9375

R. Bilins
3020 Old Medina Rd.
Jackson, TN 38305



UNITED STATES
POSTAL SERVICE.                    Ret

**G**    US POSTAGE PAID
         **$7.25**    Origin: 383
                      01/09/26
                      4744060490

USPS GROUND ADVANTAGE®

0 Lb 2.20
RDC

SHIP
TO:                           C019
STE 1300
719 CHURCH ST
NASHVILLE TN 37203-7095

USPS TRACKING® #

9500 1161 6511 6009 2887 02

RECEIVED

JAN 14 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

U S District Court
719 church st, ste
Nashville, TN 37203